UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re INVESTIGATIVE SUBPOENA DIRECTED TOWARD BANK OF AMERICA, CITIBANK, HANIN FEDERAL CREDIT UNION, AND JPMORGAN CHASE BANK<br><br>Issued by<br>UNITED STATES COMMODITY FUTURES TRADING COMMISSION, Three Lafayette Centre<br>1155 21st Street, N.W.<br>Washington, D.C. 20581<br><br>     Applicant. | **FILED UNDER SEAL**<br><br>Miscellaneous No. |

## APPLICATION FOR *EX PARTE* ORDER TO DELAY NOTICE OF INVESTIGATIVE SUBPOENAS PURSUANT TO 12 U.S.C. § 3409

The Commodity Futures Trading Commission ("Commission"), pursuant to Section 1109 of the Right to Financial Privacy act of 1978 ("RFPA"), 12 U.S.C. § 3409 (2012), respectfully submits this Application for an ex *parte* order delaying notice of investigative subpoenas ("Application"), and requests that this Court grant an *ex parte* order delaying for ninety (90) days the customer notice(s) that may be required under 12 U.S.C. § 3405 (2012), related to personal financial records sought in connection with an on-going investigation by the Commission's Division of Enforcement ("Division").

A delay in the statutory notice requirements is justified here, because:

(1) the investigation being conducted is within the lawful jurisdiction of the Commission;

(2) there is reason to believe that the records being sought are relevant to a legitimate law enforcement inquiry; and

   (3)  there is reason to believe that such notice will result in destruction of or tampering with evidence and will seriously jeopardize the Commission's investigation.

See 12 U.S.C. § 3409 (2012).

  The Commission is currently investigating the activities of Daniel Jin Choi ("Subject of Interest"). The Subject of Interest is suspected to be connected to a possible fraudulent scheme involving the solicitation of funds for both managed and pooled investments in certain financial products, including forex, commingling customer funds with personal funds, and misappropriating funds through dissipation and/or personal investment in forex. Based on the Division's instigation to date, the misappropriation of client funds is suspected to have occurred *via* some or all of the Subject of Interest's personal accounts at Bank of America, Citibank, Hanin Federal Credit Union, and JPMorgan Chase Bank.

  The Commission plans to use compulsory process to obtain records for the Subject of Interest's personal accounts in an effort to identify investors and to trace the source and flow of the customer funds. (Unsigned copies of the subpoenas the Commission intends to issue are attached hereto as Exhibits A-D).

  The Commission submits contemporaneously herewith a Memorandum of Law in support of the Application.

  Through this Application, the Commission respectfully requests that the court issue an *ex parte* order pursuant to 12 U.S.C. § 3409 (2012), (1) delaying for ninety (90) days from the date of service of the subpoena any notification requirements under the RFPA of the Commission's request and review of the subpoenaed financial records; and (2) prohibiting Bank of America, Citibank, Hanin Federal Credit Union, and JPMorgan Chase Bank from disclosing that the

Commission requested or received these records. (A proposed Order granting the Application is attached at Exhibit E.)

WHEREFORE, the Commission respectfully requests that the Court grant this Application, enter the proposed Order attached as Exhibit E, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 8, 2018

TIMOTHY J. MULREANY
M.D. Bar No. 8812160123
DANIELLE KARST
D.C. Bar No. 481881
Attorneys for Plaintiff
COMMODITY FUTURES TRADING COMMISSION
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000
tmulreany@cftc.gov
dkarst@cftc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re INVESTIGATIVE SUBPOENA DIRECTED TOWARD BANK OF AMERICA, CITIBANK, HANIN FEDERAL CREDIT UNION AND JPMORGAN CHASE BANK<br><br>Issued by<br>COMMODITY FUTURES TRADING COMMISSION,<br>Three Lafayette Centre<br>1155 21st Street, N.W.<br>Washington, D.C. 20581,<br><br>            Applicant. | **FILED UNDER SEAL**<br><br>Miscellaneous No. |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR *EX PARTE* ORDER TO DELAY NOTICE OF INVESTIGATIVE SUBPOENAS PURSUANT 12 U.S.C. § 3409

The Commodity Futures Trading Commission ("the Commission"), by and through the undersigned counsel, submits this memorandum of law in support of its Application for an *ex parte* order to delay notice of investigative subpoenas ("Application"), pursuant to 12 U.S.C. § 3409 (2012). The Application seeks an order delaying the notice that is required under the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3422 (2012) ("RFPA"), to a bank customer whose financial records the Commission seeks through investigative subpoenas ("Subpoenas"), attached herein. In support of its Application, based upon credible information and belief, the Commission states as follows:

### BACKGROUND

1. The Commission is presently investigating Daniel Jin Choi ("Choi") for potential violations of the Commodity Exchange Act, 7 U.S.C. §§ 1-26 (2012) (the "Act"), and the

Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ pt. 1-190 (2017), in connection with his activities trading off-exchange leveraged or margined retail foreign currency ("forex") contracts.

2.      The Commission has received credible information that, from at least June 5, 2015 and continuing through today ("Relevant Period"), Choi fraudulently solicited and/or received at least $497,600 for the purported purpose of trading forex on behalf of clients. Choi created and operated a number of business entities that he used to facilitate his forex trading activities, including Apuro Holdings Ltd. ("Apuro"), Apuro Forex ("ApuroFX"), and/or JCI Holdings USA ("JCI"). Choi, Apuro, ApuroFX, and JCI have never been registered with the Commission in any capacity.

3.      Based on customer complaints and numerous websites, it appears that Choi is actively soliciting and managing client investments and/or accounts in the forex market. Specifically, Choi reportedly told prospective and existing clients that they would make "20-50% annual gain payable quarterly" investing in forex markets.

4.      Upon instruction from Choi, clients sent funds directly to Choi's personal and/or corporate bank accounts. Clients entered into investment management agreements with Choi, and his company, Apuro. These agreements appointed Choi as the "Chief Trader of forex trading" and represented that Choi would control the forex trading on behalf of the clients' individual trading accounts. In this purported structure, Choi acted as an unregistered commodity trading advisor ("CTA").

5.      Based on information obtained to date, it is unclear as to whether Choi actually used client funds to trade forex as he represented to clients. The Commission issued a request pursuant to its authority under 7 U.S.C. 6g(a) to registered futures commission merchants

("FCMs") seeking all reports, books and records related to Choi and his companies, Apuro, ApuroFX, and JCI. According to the records produced by one FCM, Choi opened one trading account in his name at Forex Capital Markets, LLC ("FXCM") in April 2016. FXCM records show that Choi funded this account with a $3,000 deposit on his credit card but that no trading occurred in this account. Choi withdrew the $3,000 from the FXCM account in May 2016, and closed the account in January 2017.

6. The Commission has received information that Choi used client funds intended for forex trading to pay his personal expenses and possible business expenses for his companies.

7. During the Relevant Period, multiple clients requested a return of their funds. Although Choi agreed to return funds to these clients, the majority of Choi's clients were unable to obtain a return of their funds. Based on information obtained to date, only one client appears to have received a partial return on his investment.

8. Consequently, the Commission is investigating whether Choi engaged or is engaging in, among other things, the fraudulent solicitation of funds to trade forex, the misappropriation and commingling of those funds, and the issuance of false statements relating to his purported trading, in violation of the Act and its Regulations, 7 U.S.C. §§ 6b(a)(2)(A)-(C), 6o(1)(A) and (B) (2012), and 17 C.F.R. §§ 4.20(c) and 5.3(a)(3)(i) (2017).

9. The Commission has learned that Choi held bank accounts in his name at Bank of America ("BOFA"), Citibank, Hanin Federal Credit Union ("HFCU"), and JPMorgan Chase Bank ("JPMC") during the Relevant Period. As part of its investigation, the Commission seeks to serve investigative Subpoenas on these financial institutions for Choi's bank records.

## ARGUMENT

### The Court Should Grant The Commission's Application To Delay Notice Of Its Investigative Subpoenas

10. Under the RFPA, the Commission generally may not have access to or obtain copies of or information contained in the financial records of any customer from a financial institution unless the customer has authorized such disclosure or "such financial records are disclosed in response to an administrative subpoena or summons which meets the requirements of section 3405 [of the RFPA]." 12 U.S.C. § 3402(2) (2012).

11. Section 3405 of the RFPA generally requires, among other things, that if the Commission were to issue an investigative subpoena to a financial institution for a customer's personal financial records, the Commission would be required to notify that customer of the subpoena and wait fourteen days before obtaining any records in order to afford the customer an opportunity to quash the subpoena. *See* 12 U.S.C. §§ 3405 and 3410(a) (2012).

12. The RFPA, however, recognizes that notice of and an opportunity to move to quash an investigative subpoena for financial records may interfere with the government's legitimate investigative goals. Accordingly, Section 3409 of the RFPA provides a special procedure under which a government authority may obtain records pursuant to a subpoena while delaying notice of the subpoena to the individual for up to ninety days.

13. Upon application "made with reasonable specificity," this Court shall issue an *ex parte* order delaying customer notice of the Commission's investigative subpoenas for a period not to exceed ninety days if the Court finds that:

> (1) the investigation being conducted is within the lawful jurisdiction of the Government authority seeking the financial records;
>
> (2) there is reason to believe that the records being sought are relevant to a legitimate law enforcement inquiry; and

4

> (3) there is reason to believe that such notice will result in—
>
> (A) endangering life or physical safety of any person;
>
> (B) flight from prosecution;
>
> (C) destruction of or tampering with evidence;
>
> (D) intimidation of potential witnesses; or
>
> (E) otherwise seriously jeopardizing an investigation or official proceeding or unduly delaying a trial or ongoing official proceeding to the same extent as the circumstances in the preceding subparagraphs.

RFPA § 3409(a). Each of these requirements is satisfied here.

14.   First, the Commission has jurisdiction to conduct this investigation. The Commission has broad jurisdiction to conduct investigations "to ascertain the facts regarding the operations of . . . persons subject to the provisions of this chapter." 7 U.S.C. § 12(a)(1) (2012). The Division of Enforcement (the "Division"), on behalf of the Commission, has authority to conduct investigations "to determine whether any persons have violated, are violating, or are about to violate the provisions of [the Act], or the rules, regulations or orders adopted by the Commission pursuant to th[e] Act . . . ." 17 C.F.R. § 11.2(a) (2017). Further, the Division may issue subpoenas pursuant to its investigations "when authorized by order of the Commission." *Id.*

15.   Here, the Commission has delegated authority to the Division to investigate forex trading fraud generally and Choi's trading specifically. The Division is investigating whether Choi engaged or is engaging in, among other things, fraud, the misappropriation and mishandling of client funds, and the issuance of false statements relating to his purported trading, all in violation of the Act. Accordingly, this investigation is well within the Commission's jurisdiction.

5

16. Second, the financial records that the Commission seeks are relevant to a legitimate law enforcement investigation. The Commission's investigation seeks to determine whether Choi has violated the law by committing fraud relating to his forex trading activities. The financial records sought by the subpoena may: (a) identify any additional clients and the total amount of client funds; (b) reveal whether client funds were actually used to invest in forex contracts or were misappropriated; (c) identify any banks, FCMs, or other financial institutions to which client funds were transferred; (d) identify other individuals who may have participated in Choi's fraudulent scheme; and (e) indicate whether Choi improperly commingled client funds or otherwise mishandled those funds. Thus, there is reason to believe that Choi's financial records are relevant to this investigation.

17. Third, there is reason to believe that the required notice under the RFPA would result in the destruction of or tampering with evidence. Presently, the Commission has not notified Choi of its investigation into his forex trading. Upon learning of this investigation, Choi will have the opportunity to destroy or tamper with books and records and any other documents evidencing fraud.

18. Providing Choi with notice of the Commission's investigation would also afford him time to disperse and secrete ill-gotten gains. Choi would have the opportunity to remove client funds from the country, transfer funds to other domestic accounts, hide the funds in the form of cash or bearer bonds, or otherwise dissipate investor monies. Given that the Commission has received information from multiple clients that Choi has failed to refund client investments, it is not mere speculation that Choi would misappropriate client funds if he became aware of the Commission's investigation.

19. Further, there is reason to believe that the required notice under the RFPA will otherwise seriously jeopardize the Commission's investigation. The Act recognizes the risk that an individual engaging in fraud will take steps to destroy or tamper with evidence, and it offers a remedy. Under Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), at the same time Commission files an enforcement action it may obtain an *ex parte* restraining order freezing assets and prohibiting the defendant or other individuals from destroying, altering, or disposing of books, records, and other documents. Providing Choi with notice of the Commission's subpoenas for his financial records may result not only in the destruction and tampering of evidence but also in the dissipation of client funds, thus rendering moot any *ex parte* restraining order that the Commission would otherwise seek from the Court.

## CONCLUSION

WHEREFORE, the Commission respectfully requests that the Court grant this application for an *ex parte* order delaying customer notice under the RFPA for a period of ninety days for the reasons stated above. A proposed Order is being submitted herewith.

Respectfully submitted,

Dated: February 8, 2018

TIMOTHY J. MULREANY
M.D. Bar No. 8812160123
DANIELLE KARST
D.C. Bar No. 481881
Attorneys for Plaintiff
COMMODITY FUTURES TRADING
COMMISSION
1155 21st Street, N.W.
Washington, D.C. 20581
Telephone: (202) 418-5000
tmulreany@cftc.gov
dkarst@cftc.gov